## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, DEPARTMENT OF ENVIRONMENTAL MANAGEMENT,<br><br>Plaintiff,<br><br>v.<br><br>BOUCHARD TRANSPORTATION COMPANY, INC.,<br><br>TUG EVENING TIDE CORPORATION, and<br><br>B. No. 120 CORPORATION,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

The Department of Environmental Management ("RIDEM") on behalf of the State of Rhode Island and Providence Plantations ("the State") brings this complaint and alleges as follows:

### PRELIMINARY STATEMENT

1. This is a civil action brought against Bouchard Transportation Company, Inc., Tug Evening Tide Corporation, and B. No. 120 Corporation (Defendants) pursuant to the Oil Pollution Act of 1990 (OPA), 33 U.S.C. §§ 2701-2761, and R.I. Gen. Laws Chapter 46-12.5.1, seeking natural resource damages, as specifically identified herein, arising from an oil spill from the Defendants' tank barge Bouchard No. 120 into or on navigable waters of the United States and the waters of the Commonwealth of Massachusetts (the

"Commonwealth") and adjoining shorelines in and around Buzzards Bay, Massachusetts causing natural resource damages to resources and areas located in the Commonwealth and the State of Rhode Island (the "Oil Spill").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and Section 1017 of OPA, 33 U.S.C. § 2717(b).  This Court has pendent jurisdiction over the State law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District, pursuant to Section 1017(b) of OPA, 33 U.S.C. § 2717(b), and 28 U.S.C. § 1391(b), because the discharge of oil and natural resource injuries occurred in this District.

## PARTIES

4. The Plaintiff is the State of Rhode Island appearing by and through the Department of Environmental Management.

5. RIDEM maintains its principal office at 235 Promenade Street, Providence, Rhode Island 02908. The Director of RIDEM is the Rhode Island official designated to act on behalf of the public as trustee for natural resources managed or protected by the State pursuant to R.I. Gen. Laws § 42-17.1-2(1).

6. Defendant Bouchard Transportation Company, Inc., is a New York corporation with its principal place of business in Hicksville, New York.  Defendant Bouchard Transportation Company, Inc., was the owner/operator of the tank barge Bouchard No. 120 at the time of the Oil Spill.

7. Defendant Tug Evening Tide Corporation is a New York corporation with its principal place of business in Hicksville, New York. It is/was a wholly-owned subsidiary of Defendant Bouchard Transportation Company, Inc., and was towing the tank barge Bouchard No. 120 at the time of the Oil Spill.

8. Defendant B. No. 120 Corporation is a New York corporation with a principal place of business in Melville, New York. It is/was a wholly-owned subsidiary of Defendant Bouchard Transportation Company, Inc., and the owner of the tank barge B. No. 120 at the time of the Oil Spill.

9. Each Defendant is a "person" within the meaning of Section 1001(27) of OPA, 33 U.S.C. § 2701(27), and R.I. Gen. Laws § 46-12.5.1-1.

## STATUTORY BACKGROUND

### The Oil Pollution Act of 1990

10. Section 1002(a) of OPA, 33 U.S.C. § 2702(a), provides that "each responsible party for a vessel or a facility from which oil is discharged, or which poses the substantial threat of a discharge of oil, into or upon the navigable waters or adjoining shorelines . . . is liable for the removal costs and damages . . . that result from such incident."

11. Section 1001(32) of OPA, 33 U.S.C. § 2701(32), defines "responsible party" to include, "[i]n the case of a vessel, any person owning [or] operating . . . the vessel."

12. The term "discharge" includes any "spilling, leaking, pumping, pouring, emitting, emptying, or dumping" pursuant to Section 1001(7) of OPA, 33 U.S.C. § 2701(7).

13. "Damages" for which a responsible party is liable, pursuant to Section 1002(a) of OPA, 33 U.S.C. § 2702(b), include, "[d]amages for injury to, destruction of, loss of, or loss of use of, natural resources, including the reasonable costs of assessing the damage . . . ." 33 U.S.C. §§ 2701(5), 2702(b)(2).

14. Pursuant to Section 1006(b)(3) of OPA, 33 U.S.C. § 2706(b)(3), the Director of RIDEM has been designated as trustee for the State for recovery under OPA for injuries to, destruction of, loss of, or loss of use of natural resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the State and its agencies.

**<u>Rhode Island Oil Pollution Control Act</u>**

15. R.I. Gen. Laws § 46-12.5.1-3 provides that "no person shall discharge, cause to be discharged, or permit the discharge of oil into, or upon the waters or land of the state except by regulation or by permit from the director… [a]ny person who violates any provision of this chapter or any rule or regulation or order of the director issued pursuant to this chapter shall be strictly liable to the State."

16. R.I. Gen. Laws § 46-12.5.1-7 provides that "…any person who violates or causes or permits to be violated a provision of this chapter… shall be strictly liable to the state for these costs and expenses [including] … compensation for any adverse environmental effects caused by the violation…"

17. The term "person" includes any "corporation." R.I. Gen. Laws § 46-12.5.1-1(8).

- 4 -

18. The term "discharge" means any "spilling, leaking, pumping, pouring, emitting, emptying, releasing, injecting, escaping, leaching, dumping, or disposing into the environment." R.I. Gen. Laws § 46-12.5.1-1(9).

19. The term "waters of the state" shall include "all surface waters including all waters of the territorial sea and tidewaters..." R.I. Gen. Laws § 46-12.5.1-1(11).

## GENERAL ALLEGATIONS

20. On April 27, 2003, the tank barge Bouchard No. 120 was being towed by the tugboat Evening Tide across Buzzards Bay, Massachusetts. At the time, the tank barge Bouchard No. 120 was loaded with No. 6 fuel oil.

21. During the transit, the vessels strayed off course, and the tank barge struck a rock outcropping, which ruptured the hull of the tank barge and caused the release of tens of thousands of gallons of fuel oil cargo into Buzzards Bay off the shores of the Commonwealth and Rhode Island.

22. The aforesaid fuel oil was an "oil" within the meaning of Section 1001(23) of OPA, 33 U.S.C. § 2701(23), and R.I. Gen. Laws § 46-12.5.1-1(5).

23. Buzzards Bay and the waterways in or near the Bay are "navigable waters" within the meaning of Section 1001(21) of OPA, 33 U.S.C. § 2701(21) and are also "waters of the [C]ommonwealth" within the meaning of Section 2 of Chapter 21E, Mass. Gen. Laws ch. 21E, §2 and "waters of the state" within the meaning of R.I. Gen. Laws § 46-12.5.1-1(11).

24. The discharged oil impacted over 100 miles of beach and shoreline of the Commonwealth and the State and numerous birds and other wildlife.

25. The discharged oil caused injury to, destruction of, loss of, or loss of use of the natural resources, belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the State, which includes the waters of the state, birds, aquatic life therein, and lands and beaches adjacent thereto.

26. As a result of the discharge of oil, the State has incurred damage to natural resources as well as the reasonable costs of assessing and evaluating said natural resource damage.

27. Birds and other wildlife are natural resources belonging to, managed by, held in trust by the State. R.I. Gen. Laws § 42-17.1-2(1).

28. The discharge of oil caused injury to, destruction of, loss of, or loss of use of the natural resources, including certain bird species as specifically identified herein, belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the State.

29. As a result of the discharge of oil, the State incurred reasonable costs in assessing and evaluating the damage to the natural resources specified herein.

30. In *United States v. Bouchard Transportation Company, Inc.*, Civil Action No. 1:10-cv-11958-NMG (consolidated with Civil Action Nos. 10-111960-NMG (the Commonwealth's case) and 10-12031-NMG (Rhode Island's case)) (D. Mass.), the Commonwealth, together with the United States and the State of Rhode Island, entered into a consent decree ("Consent Decree 1"), which was entered by the Court on May 18, 2011. ECF Dkt. No. 19 (C.A. No. 1:10-cv-11958-NMG). Consent Decree 1 settled some of the State's claims for injuries to natural resources. The claims of the State for injuries

to birds other than Atlantic Coast Piping Plovers (*Choradrius melodus*), assessment costs related to those claims, and unpaid and unreimbursed costs of assessment (as those terms were defined in Consent Decree 1), however, were specifically excluded from that Consent Decree and the associated Complaint and thus preserved for future resolution.

## CAUSES OF ACTION

**COUNT I:    THE DEFENDANTS ARE JOINTLY AND SEVERALLY LIABLE FOR DAMAGES TO NATURAL RESOURCES UNDER OPA.**

31.    The State realleges and incorporates by reference the averments of paragraphs 1–30.

32.    As a result of the discharge of oil, there has been injury to, destruction of, loss of, or loss of use of "natural resources," as that term is defined in Section 1001(20) of OPA, 33 U.S.C. § 2701(20), for which the State is a trustee within the meaning of Section 1006(b)(3) of OPA, 33 U.S.C. § 2706(b)(3).   The specific natural resource damages sought by the State in this action are to birds other than the Atlantic Coast Piping Plovers.

33.    As responsible parties for a vessel from which oil was discharged into or on the navigable waters or adjoining shorelines, the Defendants are liable to the State under Sections 1002(a) and 1002(b)(2)(A) of OPA, 33 U.S.C. §§ 2702(a), 2702(b)(2)(A), and R.I. Gen. Laws Chapter 46-12.5.1 for damages for such injury to, destruction of, loss of, or loss of use of birds other than Atlantic Coast Piping Plovers, as well as the reasonable costs of assessing those damages.

34.   The Defendants are owners and/or operators of a vessel from which oil was discharged into or on waters and land of the Commonwealth and the State.  R.I. Gen. Laws Chapter 46-12.5.1.

35.   The Defendants are also liable under OPA and R.I. Gen. Laws Chapter 46-12.5.1 for any costs of assessment not settled or paid pursuant to Consent Decree 1.

**COUNT II:    THE DEFENDANTS ARE JOINTLY AND SEVERALLY LIABLE FOR DAMAGES TO NATURAL RESOURCES UNDER R.I. GEN. LAWS CHAPTER 46-12.5.1**

36.   The State realleges and incorporates by reference the averments of paragraphs 1–35.

37.   As a result of the release of oil into or on waters of the State or its adjoining shorelines, within the meaning of R.I. Gen. Laws Chapter 46-12.5.1, there has been injury to, destruction of, loss of, or loss of use of natural resources for which the State may seek to recover damages.  The specific natural resource damages sought by the State in this action are to birds other than the Atlantic Coast Piping Plovers.

38.   The Defendants are owners and/or operators of a vessel from which oil was released into or on waters and land of the State.  R.I. Gen. Laws Chapter 46-12.5.1.

39.   As owners and operators of a vessel from which oil was discharged into or on the waters of the State or its adjoining shorelines, the Defendants are liable to the State under R.I. Gen. Laws Chapter 46.12.5.1, for all damages for such injury to, destruction of, loss of, or loss of use of, birds other than Atlantic Coast Piping Plovers, as well as the costs of assessing and evaluating such injury, destruction, or loss, incurred or suffered by the State as a result of such release.

40.   The Defendants are also liable under R.I. Gen. Laws Chapter 46-12.5.1 for any costs of assessment not settled or paid pursuant to Consent Decree 1.

## REQUEST FOR RELIEF

WHEREFORE, the State respectfully asks that this Court:

A.   Award damages to the State under Sections 1002(a) and 1002(b)(2)(A) of OPA, 33 U.S.C. §§ 2702(a), 2702(b)(2)(A), for injury to, destruction of, loss of, or loss of use birds other than Atlantic Coast Piping Plovers, all reasonable costs incurred or to be incurred by the State in assessing such damages, and any costs of assessment not settled or paid pursuant to Consent Decree 1.

B.   Award damages to the State under R.I. Gen. Laws Chapter 46-12.5.1 for injury to, destruction of, loss of, or loss of use of birds other than Atlantic Coast Piping Plovers, all costs incurred or to be incurred by the State in assessing and evaluating such damages, and any costs of assessment not settled or paid pursuant to Consent Decree 1.

C.   Award the State all of its costs to maintain this action.

D.   Grant such other relief as the Court deems just and proper.

Respectfully submitted,

STATE OF RHODE ISLAND
DEPARTMENT OF ENVIRONMENTAL
MANAGEMENT

By its attorney,

Dated: October 19, 2017     _/s/Christina A. Hoefsmit_____
Christina A. Hoefsmit (# 678678)
Senior Legal Counsel
RIDEM Office of Legal Services
235 Promenade Street
Providence, RI  02908
(401) 222-6607 Telephone
(401) 222-3378 Facsimile
christina.hoefsmit@dem.ri.gov